DIANA S. HELLER, Respondent, v. SIDNEY N. HELLER, Appellant.— Order, Supreme Court, New York County, entered on June 23, 1972, which granted plaintiff's application to serve a supplemental complaint, unanimously affirmed, without costs and without disbursements. Special Term properly afforded plaintiff the opportunity to plead her causes without undue circumscription. Appellant contends that by granting the motion, he has been prejudiced by the resultant delay and further, that the court ineffectually sought to preserve his right to move for dismissal if plaintiff continued to delay. He points to CPLR 3216 (subd. [b]) which provides that a motion to dismiss may not be made for a period of one year and 45 days from the joinder of issue. The order appealed from grants defendant leave to apply for dismissal in the event plaintiff fails to proceed to trial expeditiously. We hold that in so doing the court imposed a valid condition to the service of the supplemental complaint. We reiterate what we said in this case more than one year ago (38 A D 2d 526), that this action should proceed to trial promptly. Plaintiff should proceed expeditiously with the trial of the action or face dismissal. Concur — McGivern, J. P., Nunez, Murphy, Capozzoli and Macken, JJ.

In the Matter of CARMINE PICCOLO et al., Respondents, v. HARRY I. BRONSTEIN et al., Appellants.— Judgment, Supreme Court, New York County, entered on May 11, 1972, directing the Civil Service Commission to afford petitioners the opportunity to take another make-up examination for the position of police captain, unanimously modified, on the law, the facts and in the exercise of discretion, without costs and without disbursements, to the extent of remanding the entire matter to the commission to adopt an appropriate course of action, without limitation against the commission providing that petitioners' grades on regular promotional examination No. 1506, given on June 26, 1971, be deemed also to be their grades on make-up examination No. 1454. We agree with the sentiments expressed by the Justice below, but we deem the relief outlined above to be more appropriate to the situation presented in this record. Concur — McGivern, J. P., Nunez, Murphy, Capozzoli and Macken, JJ.